UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the LEATHER GOODS, HANDBAGS, AND NOVELTY WORKERS' UNION LOCAL 1 JOINT RETIREMENT FUND,<br><br>                              Plaintiffs,<br><br>     v.<br><br>NEW YORK SEWING MACHINE, INC.; XYZ CORPORATIONS (1-10); and JOHN AND JANE DOES (1-10),<br><br>                              Defendants. | **COMPLAINT** |

Plaintiffs, the Trustees (the "Trustees") of the Leather Goods, Handbags, and Novelty Workers' Union Local 1 Joint Retirement Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants New York Sewing Machine, Inc. ("New York Sewing"), fictitious entities XYZ Corporations (1-10), and fictitious individuals John and Jane Does (1-10), and allege as follows:

## I.   INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the mass withdrawal termination of the Fund as of December 31, 2013.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover New York Sewing's allocated share of the Fund's unfunded vested benefits, accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because New York Sewing purposefully availed itself of the benefits of the laws of the State of New York when it agreed to remit contributions to a benefit fund administered in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37). The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7. The Trustees are trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant New York Sewing is a for-profit foreign corporation having its principal place of business at 8555 Tonnelle Avenue, Unit 301, North Bergen, New Jersey 07047.

9. Defendants XYZ Corporations (1-10) are fictitious entities whose identities are not currently known to the Trustees, but who, upon information and belief, were trades or businesses under common control with Defendant New York Sewing pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

10. Defendants John and Jane Does (1-10) are fictitious individuals whose identities are not currently known to the Trustees, but who, upon information and belief, were sole proprietorships under common control with Defendant New York Sewing at the time of the Fund's mass withdrawal termination pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by New York Sewing to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

11. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

12. New York Sewing was party to a collective bargaining agreement (the "CBA") with the Leather Goods, Handbags, and Novelty Workers' Union Local 1, with respect to which the Fund was a third-party beneficiary. The CBA required New York Sewing to remit contributions to the Fund on behalf of those employees covered by the CBA.

13. As of December 31, 2013, the Fund experienced a "mass withdrawal" termination within the meaning of 29 C.F.R. § 4001.2 and ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).

14. As a result of the Fund's termination, all contributing employers, including New York Sewing, ceased to have an obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), and became obligated to pay initial withdrawal liability, redetermination liability, and reallocation liability in accordance with 29 C.F.R. § 4219.11 to 12.

15. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated May 28, 2014, a true and correct copy of which is attached as **Exhibit A**, the Fund provided New York Sewing a calculation of its combined initial and redetermination liability, which was payable in quarterly installments of $1,365 commencing on or before July 27, 2014 and continuing in perpetuity.

3

16. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated January 29, 2016, a true and correct copy of which is attached as **Exhibit B**, the Fund notified New York Sewing that its reallocation liability was calculated to be $443,113, making the total amount of its outstanding withdrawal liability $782,948. In the letter, the Fund advised New York Sewing that it should continue to remit quarterly installments of $1,365 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

17. To date, New York Sewing has not made any quarterly payments.

18. After having not received eight (8) quarterly payments totaling $10,920 that were due between January 2017 and October 2018, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated December 7, 2018, a true and correct copy of which is attached as **Exhibit C**, the Fund notified New York Sewing that it was in default of its withdrawal liability obligations, and offered it an opportunity to cure the default within sixty (60) days.

19. After not having received the demanded payment, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated February 22, 2019, a true and correct copy of which is attached as **Exhibit D**, the Fund notified New York Sewing that it remained in default of its withdrawal liability obligations, and that the Fund had elected to accelerate New York Sewing's withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

20. More than sixty (60) days have elapsed since New York Sewing's receipt of the notice of default dated December 7, 2018, and New York Sewing has failed to remit the withdrawal liability assessed by the Fund.

21. More than 180 days have elapsed since the Fund notified New York Sewing of its initial and redetermination withdrawal liability on May 28, 2014 and of its reallocation liability on January 29, 2016 when the Fund sent the letter, and New York Sewing has failed to initiate arbitration proceedings pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

22. Because New York Sewing has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), its liability is incontestable, and it is liable to pay to the Fund its accelerated withdrawal liability.

23. Plaintiffs, the Trustees of the Fund, demand judgment against Defendant New York Sewing for $857,282.30 for the outstanding amount of its allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by XYZ Corporations (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

24. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

25. Defendants XYZ Corporations (1-10), upon information and belief, are trades or businesses that were under common control with New York Sewing within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

26. As such, Defendants XYZ Corporations (1-10) are jointly and severally liable with New York Sewing for New York Sewing's outstanding withdrawal liability.

27. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants XYZ Corporations (1-10) for $857,282.30 for the outstanding amount of New York Sewing's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by John and Jane Does (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

28. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

29. Defendants John and Jane Does (1-10), upon information and belief, are sole proprietorships that were under common control with New York Sewing within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

30. As such, Defendants John and Jane Does (1-10) are jointly and severally liable with New York Sewing for New York Sewing's outstanding withdrawal liability.

31. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants John and Jane Does (1-10) for $857,282.30 for the outstanding amount of New York Sewing's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated

damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated:   March 26th, 2019                                  **PROSKAUER ROSE LLP**


                                                            By:  **/s/ Neil V. Shah**
                                                                     Neil V. Shah
                                                            One Newark Center
                                                            1085 Raymond Boulevard
                                                            Newark, NJ 07102
                                                            (973) 274-3205
                                                            nshah@proskauer.com

                                                            *Counsel for the Plaintiffs*